E-FILED
Friday, 25 September, 2026 03:25:14 PM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

JESSE VILLAGOMEZ, JR.,
Plaintiff,

v.

JAMIE BOYD, *et al.*,
Defendants.

Case No. 2:26-cv-02216-JEH

**Merit Review Order**

Plaintiff, proceeding *pro se* and currently incarcerated at Robinson Correctional Center ("Robinson"), filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 1). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

**I**

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**II**

Plaintiff files suit against former Kankakee County State's Attorney Jamie Boyd, current Kankakee County State's Attorney Jim Rowe, Judges Kathy Elliott and Ronald J. Gentz, Chief Commanders Donnell Austin and Randy Hautman, and Officers Brooks and Doe.

On July 12, 2008, Defendant Officer Brooks approached Plaintiff at a bar in Kankakee, Illinois, searched him, and found a gun in his possession. Defendant Chief Commander Austin ordered Plaintiff to be taken to jail. Plaintiff was charged with aggravated unlawful use of a weapon. On July 31, 2008, Defendants State's Attorney Boyd and Judge Elliott imposed two years of probation. On March 19, 2018, the case was vacated. On July 24, 2024, a certificate of innocence was granted.

On May 12, 2012, Plaintiff was sitting in a parked vehicle with his friends in a gas station parking lot. Defendant Officer Doe instructed Plaintiff to exit the vehicle. Unbeknownst to Plaintiff, there was a gun under the front passenger seat. As Plaintiff exited the vehicle, the gun was kicked out of the van. Defendant Officer Doe drew his weapon, ordered everyone to get down, and tackled Plaintiff to the ground. Defendant Chief Commander Hautman ordered Plaintiff to be taken to jail. Plaintiff was charged with unlawful possession of a weapon by a felon by Defendants State's Attorney Rowe and Judges Gentz and Elliott. Plaintiff received a three-year sentence in the custody of the Illinois Department of Corrections ("IDOC").

After serving eighteen months of his sentence, Plaintiff was released on parole on November 3, 2013. Six months later, Plaintiff violated his parole. In June 2024, the case was vacated. On July 24, 2024, a certificate of innocence was granted. Plaintiff states he "suffered from having to do 18½ year[s] when he could have gotten probation for his current case." (Doc. 1 at p. 8). Plaintiff seeks compensatory and punitive damages for the time he spent in prison and the lost opportunities.

**III**

Based on IDOC online records, it appears that Plaintiff was convicted of additional offenses in 2014, including aggravated battery/discharge of a firearm and second-degree murder/provocation in Kankakee County case number 14-CF-202. ILL. DEP'T OF CORR., *Individual in Custody Search*, https://idoc.illinois.gov/offender/inmatesearch.html (last visited Sept. 25, 2026). Plaintiff's projected parole date is April 14, 2031. *Id.* It is unclear from Plaintiff's Complaint whether the convictions in case number 14-CF-202 have been invalidated, but based on Plaintiff's current incarceration at Robinson, it appears they have not.

Plaintiff does not specifically ask for release, but his allegations necessarily challenge the length of his current sentence and his incarceration. Those challenges must first be pursued in Plaintiff's criminal case, direct appeals in the criminal case, and by filing of a habeas petition, after the exhaustion of any applicable remedies. Plaintiff may not pursue a section 1983 claim for damages, the success of which would imply the invalidity of a criminal conviction or sentence, unless that conviction or sentence has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Additionally, Judges Gentz and Elliott and State's Attorneys Boyd and Rowe are immune from this lawsuit under § 1983. *See Srivastava v. Newman*, 12 F. App'x 369, 373 (7th Cir. 2001) (citing *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1015 (7th Cir. 2000)).

Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as barred by *Heck*. The dismissal is without prejudice to allow Plaintiff to pursue any available remedies in state court. *See Morgan v. Schott*, 914 F.3d 1115, 1112 (7th Cir. 2019) (*Heck*-barred claims must be dismissed without prejudice due to the possibility of future state-court proceedings).

Out of an abundance of caution, the Court will give Plaintiff a FINAL opportunity to file an Amended Complaint within thirty days of this Order. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, his case will be dismissed. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff shall have a FINAL opportunity to file an Amended Complaint within 30 days of this Order. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. If Plaintiff fails to file a timely Amended Complaint, or if it fails to state a claim for relief, his case will be dismissed.**

*It is so ordered.*

Entered: September 25, 2026

s/Jonathan E. Hawley
U.S. District Judge